UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF DEMETRIUS L. STEPHENSON,

   *Plaintiff,*

   v.

CALUMET COUNTY, ET AL.,

   *Defendants.*

Case No: 1:22-cv-00956-WCG

---

**PLAINTIFF'S CONSOLIDATED RESPONSE OPPOSING
HHS DEFENDANTS' CIVIL L. R. 7(h) MOTION TO STRIKE
PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DR. BUCH
AND
PLAINTIFF'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION
FOR LEAVE TO FILE MOTION TO STRIKE AND DAUBERT MOTION**

---

The Plaintiff opposes the HHS Defendants' Civil L. R. 7(h) Motion to Strike Plaintiff's Motion to Exclude Testimony of Dr. Buch (ECF 273), and moves the Court under Civil L. R. 7(h) to enlarge the filing deadline pursuant to Fed. R. Civil P. 6(b)(1)(B) and for leave to file its Motion to Strike the Expert Report of Dr. Buch and *Daubert* Motion to Exclude the Testimony of Dr. Buch (ECF 270).[1]

For the reasons explained below, counsel for Plaintiff was not aware of the May 1, 2025, *Daubert* motion deadline until the issue was raised one business day ago in the

---

[1] Plaintiff is filing a consolidated response to a Civil L. R. 7(h) motion along with Plaintiff's own Civil L. R. 7(h) motion as a single six-page document, instead of two separate three page documents due to the significant overlapping factual and legal content and to avoid having to cross-reference factual and legal arguments between a single Civil L. R. 7(h) response and single Civil L. R. 7(h) motion.

HHS Defendants' Motion to Strike Plaintiff's Motion to Exclude Testimony of Dr. Buch. ECF 273.[2]

The initial Scheduling Order in this case did not set any *Daubert* motion deadlines. ECF 57. The first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth amendments to the Scheduling Order in this case did not set any *Daubert* motion deadlines. ECF 87, 118, 126, 128, 131, 134, 184, 191.

All of the Defendants' expert witness disclosures were due on May 31, 2024. ECF 126. The ACH Defendant and the County Jail Defendants both produced expert reports to the plaintiff by the May 31, 2024, deadline. Bradley Decl. ¶ 2. The HHS Defendants did not produce any expert disclosures to Plaintiff prior to the May 31, 2024, deadline. *Id*. at ¶ 3.

After the Court issued its summary judgment decision and order (ECF 255) the Court scheduled a phone status conference for December 10, 2024. On December 5, 2024, the HHS Defendants filed a motion requesting that the Court amend the scheduling order to allow them to produce an expert report to offer an opinion about the objective reasonableness of the HHS Defendants' actions. ECF 259. The Court granted the HHS Defendants' motion for a new opportunity to produce expert disclosures regarding objective reasonableness at the December 10, 2024, phone status conference. Later that same day at 3:27 p.m., a Notice of Electronic Filing was sent to the parties containing a text order setting expert disclosure dates as well as dates for a pretrial conference and trial. McCarthy Decl. ¶ 7-8, Ex. A-B. Neither the original Notice of Electronic Filing containing

---

[2] While Plaintiff's Motion to Strike the Expert Report of Dr. Buch may not have been directly governed by the Court's May 1, 2025 *Daubert* motion deadline, Plaintiff simultaneously seeks leave to file its motion to strike, because Plaintiff filed that request within the same document as Plaintiff's *Daubert* Motion to Exclude the Testimony of Dr. Buch.

the text order, nor the original ECF 259 Minute Entry document mentioned any *Daubert* deadlines. *Id*. ¶ 7-9, Ex. A-B.

Strang Bradley paralegal Kate McCarthy received the 3:27 p.m. original Notice of Electronic Filing *Id*. ¶ 7-8, Ex. A-B. Upon receipt, she downloaded the original Dkt. 259 Minute Entry, reviewed it and saved it to the Strang Bradley office network drive, and entered each deadline contained in the notice and minute entry documents on both of the dual calendar systems used by Strang Bradley. *Id*. ¶ 4, 7-8,

Just under an hour after the original notice and minute entry document were emailed to the parties, a second Notice of Electronic Filing was sent to the parties at 4:26 p.m., containing a text order, with a link to an updated ECF 259 Minute Entry document. *Id*. ¶ 10, Ex. C-D. Both this updated notice and updated minute entry contained *Daubert* motion deadlines, however, Strang Bradley paralegal Kate McCarthy, deleted this second email and did not save the attached updated Dkt. 259 Minute Entry to the Strang Bradley office network drive or calendar the *Daubert* motion deadline on either of the two Strang Bradley calendars, because she did not realize that it was an updated notice and minute entry. *Id*. ¶ 10-11, Ex. C-D.

The HHS Defendants produced expert disclosures for Dr. Buch on February 11, 2025. Bradley Decl. ¶ 4. After reading it, counsel for Plaintiff was surprised to see that Dr. Buch did not offer any opinion as to the objective reasonableness of the conduct of the HHS Defendants. *Id*. at ¶ 5. Counsel expected the expert report to contain an opinion as to the objective reasonableness of the conduct of the HHS Defendants because that was the stated purpose for granting the HHS Defendants an extension to produce an expert report.

Counsel for Plaintiff was further perplexed by Dr. Buch's use of the product rule, which appeared to be an invalid method to calculate the probability of his causation opinion. Counsel for Plaintiff determined that they would file a motion to strike HHS Defendants' expert report for failure to comply with the Court's order giving them an extension to produce an expert report as to objective reasonableness, and further to file a *Daubert* motion challenging the method used to calculate causation. *Id*. Counsel for Plaintiff debated whether to strategically file those motions before or after taking the deposition of Dr. Buch, and determined that it would be most effective to file the motions after having the transcript of the deposition of Dr. Buch. *Id*.

On February 17, 2025, less than one week after receiving HHS Defendants' expert report, counsel for Plaintiff emailed counsel for HHS Defendants asking to schedule the deposition of Dr. Buch. Counsel for HHS Defendants responded saying that due to vacation of counsel and Dr. Buch, the deposition of Dr. Buch could not take place until March 31, 2025, or April 1, 2025. *Id*. at ¶ 6, Ex. A. Counsel for Plaintiff explained to counsel for HHS that those delayed dates would not be acceptable given the April 10, 2025, rebuttal deadline, and counsel for HHS agreed to give Plaintiff an extension of the rebuttal deadline. *Id*. Counsel for Plaintiff did not ask for an associated extension of the *Daubert* motion deadline because at the time, counsel for Plaintiff was not aware that there was any *Daubert* motion deadline. *Id*. at ¶ 7. There were no Daubert deadlines saved in either of the Strang Bradley dual calendars and the Dkt. 259 saved on the Strang Bradley network drive did not mention any *Daubert* motion deadline. *Id*. Plaintiff did not receive a copy of the transcript from the Dr. Buch deposition until April 13, 2025. *Id*. at ¶ 8.

4

Case 1:22-cv-00956-WCG   Filed 05/27/25   Page 4 of 7   Document 274

On May 1, 2025, HHS Defendants filed a *Daubert* motion seeking to exclude the testimony of Plaintiff's expert Dr. Holoyda. ECF 267. Plaintiff worked on their brief in opposition to HHS Defendants' *Daubert* motion and filed their brief on May 20, 2025. ECF 268. Two days later, on May 22, 2025, Plaintiff filed their *Daubert* motion to exclude testimony of HHS Defendants' expert Dr. Buch. ECF. 270. The following day, May 23, 2025, HHS Defendants filed their Civil L. R. 7(h) Motion to Strike Plaintiff's Motion to Exclude Testimony of Dr. Buch. ECF 273.

It was not until counsel for Plaintiff read the HHS Defendants' Motion to Strike Plaintiff's Motion to Exclude Testimony of Dr. Buch on May 23, 2025, that they realized they were late in filing their *Daubert* motion. Bradley Decl. ¶ 9. Indeed, attorney Rick Resch and paralegal Kate McCarthy had recent conversation in which attorney Rick Resch asked paralegal Kate McCarthy whether there was any *Daubert* motion deadline in the Stephenson case and Ms. McCarthy reviewed the calendar and docket record on the Strang Bradley network drive and informed Attorney Resch that there was not any *Daubert* motion deadline in the Stephenson case. McCarthy Decl. ¶ 12.

Plaintiff is now filing this motion one business day after learning that Plaintiff's Motion to Strike the Expert Report of Dr. Buch and *Daubert* Motion to Exclude the Testimony of Dr. Buch was late.

Whether to permit a late filing after the fact is governed by Fed. R. Civ. P. 6(b)(1)(B), which allows a court to extend the time for the doing of an act "if the party failed to act because of excusable neglect." The term "excusable neglect" as used in Rule 6(b) is a flexible concept that encompasses late filings caused by inadvertence, mistake or

carelessness. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 389 (1993). In deciding whether a particular neglect is "excusable," the court must consider all the relevant circumstances surrounding the omission, including the length and reason for the delay, its potential impact on judicial proceedings, whether the movant acted in good faith and the danger of prejudice to other parties. *Id*. at 395. But the Court in *Pioneer* did not set forth an exclusive list of equitable factors to guide trial judges in making "excusable neglect" determinations and instead emphasized that trial judges should "tak[e] account of all relevant circumstances surrounding the party's omission" and specifically rejected an approach that would "narrow[ ] the range of factors to be considered." *Id*. at 395 n. 13.

"Extensions may be granted, after the time for action has passed … '[in] situations in which the failure to comply with a filing deadline is attributable to negligence' if the oversight is excusable." *Mommaerts v. Hartford Life & Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (quoting *Pioneer,* 507 U.S. at 394). "[T]here is not a 'hard and fast' rule in this circuit which bars a trial judge from exercising discretion to determine whether attorney negligence in missing a filing deadline may be deemed 'excusable neglect.'" *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361 (7th Cir. 1997).

Plaintiff is acting in good faith by moving for leave to file their Motion to Strike the Expert Report of Dr. Buch and *Daubert* Motion to Exclude the Testimony of Dr. Buch the business day after becoming aware that they filed their motion (ECF 270) outside of the *Daubert* motion deadline. If the Court does grant Plaintiff leave and accepts Plaintiff's motion after the *Daubert* deadline, it will not prejudice the HHS Defendants nor have a

significant negative impact on the judicial proceedings in this case. The HHS Defendants' Motion to Exclude Testimony of Plaintiff's Expert Dr. Holoyda (ECF 267) was only briefed days ago and is yet to be decided by the Court, and trial is not scheduled until August 18, 2025.

The Plaintiff's Motion to Strike the Expert Report of Dr. Buch calls into question HHS Defendants' failure to offer an expert opinion on the objective reasonableness of the HHS Defendants' actions, which was the basis for their request to produce their expert report outside of the original deadline. Additionally, Plaintiff's Motion to Exclude the Testimony of Dr. Buch raises serious concerns regarding Dr. Buch's method of determining causation. The Plaintiff requests that the Court evaluate these serious reliability concerns on the merits.

Plaintiff respectfully asks this Court to enlarge the filing deadline pursuant to Fed. R. Civil P. 6(b)(1)(B) and for leave to file its Motion to Strike the Expert Report of Dr. Buch and *Daubert* Motion to Exclude the Testimony of Dr. Buch, and to deny the HHS Defendants' Motion to Strike Plaintiff's Motion to Exclude Testimony of Dr. Buch.

Dated: May 27, 2025

Respectfully submitted,

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550