UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF DEMETRIUS L. STEPHENSON
BY SPECIAL ADMINISTRATOR RICHARD COAD,

    Plaintiff,

Case No. 22-cv-956

CALUMET COUNTY, ET AL,

    Defendants.

---

**DEFENDANTS SHANNON TESKA, KRISTIN KLOTZ, AND KRISTI LECLAIR'S L. R. 7(h) EXPEDITED NON-DISPOSTIVE MOTION TO BAR PLAINTIFF'S USE OF PERSONALLY RECORDED DEPOSITIONS AT TRIAL.**

---

PLEASE TAKE NOTICE that Defendants, Kristin Klotz, Shannon Teska, and Kristi LeClair (the "HHS Defendants"), by and through their attorneys, Stadler Sacks LLC, move this Court for an Order barring Plaintiff, the Estate of Demetrius L. Stephenson, from playing personally recorded videos of zoom depositions at trial. The grounds for this motion are set forth below and based on all other pleadings on file.

Rule 30, F.R.C.P. outlines the requirements for taking a deposition by oral examination. Among those requirements, a deposition must be conducted before an officer appointed by the court or designated under Rule 28 and that officer must begin the deposition with an on-the-record statement that contains specific information. *See* Fed. R. Civ. P. 30(b)(5)(A). Oral examinations may be recorded via audio, audiovisual, or stenographic means. *See* Fed. R. Civ. P. 30(b)(3)(A). When a deposition is recorded nonstenographically (i.e., by video), the officer must also ensure that the deponent's and attorney's appearance or demeaner is not distorted through the recording techniques. *See* Fed. R. Civ. P. 30(b)(5)(B). Additionally, it is the officer's responsibility to ensure the accuracy and integrity of the deposition by certifying any recording made. *See* Fed. R. Civ. P. 30(f)(1).

Throughout discovery, Plaintiff and Defendants agreed to remote depositions conducted via Zoom. All depositions were noticed and included language that left open the possibility of recording these depositions. Outside of the notices, there was no further discussion about potential recordings being conducted. Plaintiff did not hire a videographer. It was never orally announced at the depositions that these depositions would be recorded. And there was no officer to ensure compliance with the requirements of Fed. R. Civ. P. 30(b)(5)(B).

Plaintiff now desires to use videos created using Zoom's built-in record function to replay the depositions for the jury. Plaintiff's attempt to present any of these non-certified video recordings at trial, however, is in direct contravention of the Federal Rules of Civil Procedure.

To begin with, these video recordings are in no way certified. The only Rule 30(b)(5)(A) official present was a stenographer. The stenographer's sole responsibility was to record the transcript of the deposition. The stenographer was not in charge of any of the cameras, how they were positioned, which participant was being recorded, what was visible in the background, when the camera switched to another individual, or anything of the sort. Rule 30(b)(5)(B) requires that an officer not only be cognizant of those issues, but also actively manage them to ensure there is no distortion resulting from the recording medium. Without an officer present to manage these aspects, the recording fails to satisfy the 30(b)(5)(B) requirement.

No stenographers signed off on the recordings to certify them. The videos were simply downloaded by Plaintiff. Even a cursory review of the videos also shows that no one was controlling the camera and that often the view was awkward and constantly changing. Rule 30(f)(1) outlines the process of certification requiring that an officer certify in writing that the deposition accurately records the witness's testimony.

Plaintiff's attempt to submit a recording of a Zoom deposition at trial is not new to the federal courts and has been squarely rejected as being non-compliant with Rule 30. *See Alcorn v. City of Chi.*, 336 F.R.D. 440 (N.D. Ill. 2020). The plaintiff in *Alcorn* sought to use a recording of a zoom deposition instead of a professionally recorded video of the deposition. The *Alcorn* court outright denied the plaintiff's request to admit the uncertified recordings for trial. The plaintiff argued that because the stenographer was going to certify the transcript it was immaterial that the

2

video be certified for purposes of admission. The court disagreed and explained that it is not a stenographer's function to certify a video recording but rather,

> a certified videographer who has the appropriate training to serve as the Rule 28 officer, and ensure that a video deposition is properly recorded with established procedures to go on or off the record, limit noise and interruptions, address technical glitches, and frame the camera view on the witness. And it is the videographer who will complete the necessary certification under the Federal Rules to affirm the accuracy of the video recording on the deposition, not the stenographic reporter.

*Alcorn*, 336 F.R.D. at 443.

The court also reasoned that "[n]othing in Rule 30 allows a party to engage in a secondary recording or transcription of a deposition, and treat that recording as the equivalent of a certified deposition." *Id.*

Here, Plaintiff seeks to admit the same type of secondary recording of a deposition that was rejected in *Alcorn*. Using such a recording would render the Rule 30 officer requirement virtually meaningless. *See Id. Alcorn's* ruling rests on a fundamental understanding of validity, credibility, and fairness. It speaks to the importance of following the Federal Rules of Civil Procedure. Unofficial recordings of depositions leave room for dispute when the recordings are done by one party, and especially if done by both parties which produce different forms of the same videos. *See Alcorn*, 336 F.R.D. at 443. This is what the implementation of the Rule 30 requirements seeks to combat. The requirement that an uninterested third party be present to ensure the depositions are recorded properly cannot be brushed away in the name of convenience. Plaintiff's recordings cannot be used at trial because they are not certified by any measure and fail to comply with Rule 30. Plaintiff should be barred from the use of personally recorded videos of the depositions.

Dated this 8th day of August, 2025.

                                      STADLER SACKS LLC
                                      Attorneys for Defendants, Kristin Klotz,
                                      Shannon Teska, and Kristi LeClair

                                      By:    */s/ Ronald S. Stadler*
                                                   Ronald S. Stadler, State Bar No. 1017450
                                                   Jonathan E. Sacks, State Bar No. 1103204

303 North Main Street
West Bend, WI 53095
telephone: 262-304-0610
e-mail: jes@stadlersacks.com
       rss@stadlersacks.com